J. F. WHEAT et ux., Appellants,

v.

CITIZENS NATIONAL BANK AT BROWN-WOOD, Appellee.

No. 3366.

Court of Civil Appeals of Texas.

Eastland.

Feb. 7, 1958.

Rehearing Denied Feb. 28, 1958.

Ben D. Sudderth, Comanche, for appellant.

T. C. Wilkinson, Gordon Griffin, Jr., Brownwood, for appellee.

GRISSOM, Chief Justice.

J. F. Wheat and wife sued the Citizens National Bank at Brownwood to cancel their deed to the bank on the ground that it was a mortgage on their homestead. A jury found that (1) it was not agreed between Mr. Wheat and the bank that said deed was to be considered as a mortgage to secure Wheat's indebtedness to the bank and that (2) the officer who handled the transaction at the time the bank paid Wheat's debt and taxes believed in good faith that said instrument was a deed conveying the land to the bank. Judgment was rendered for the bank and the Wheats have appealed.

Appellants' first point is that the court erred in refusing to allow Dr. Maxwell to testify "in regard to circumstances surrounding the making and actual contents of the deed from Maxwell to Wheat". Their second point is that the court erred in refusing to admit said deed in evidence. Said deed was admitted in evidence. In their brief appellants make it plain that in the second point they are actually complaining of the refusal to permit the introduction of the deed from Maxwell to Wheat when it was first offered by appellants. Nevertheless, so considering the point, reversible error is not shown. The deed recited that Wheat had conveyed the property to Maxwell as security and that said deed was being executed for the purpose of cancelling the purported conveyance. Appellants' first point, in so far as it complains that Dr. Maxwell was not permitted to testify as to the "actual contents of the deed", cannot be sustained because the deed constituted the best evidence of its contents and it was introduced. The remaining portion of point one is that the court erred in refusing to allow Dr. Maxwell to testify in regard to circumstances surrounding the making of said deed. Texas Rules of Civil Procedure, rule 418 provides that if complaint is made of the rejection of evidence, the full substance of such rejected evidence shall be set out "with reference to the pages of the record where the same may be found". This was not done. Under R.C.P. 372 it has been held that this court cannot sustain such a point where it is not shown what said witness would have testified. This was not shown. Gray v. Mills, Tex.Civ.App., 206 S.W.2d 278, affirmed 147 Tex. 33, 210 S.W.2d 985; Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155; May v. Consolidated Underwriters, Tex. Civ.App., 170 S.W.2d 295 (Writ Ref.); Sims v. Duncan, Tex.Civ.App., 195 S.W.2d 156 (R.N.R.E.); Bradford v. Magnolia Pipe Line Co., Tex.Civ.App., 262 S.W.2d 242, 245; 3-A Tex.Jur. 534.

Appellants have the burden of showing that the court erred and that they were probably injured thereby. R.C.P. 434. The judgment is affirmed.