**COUNTY OF BEXAR, Appellant,**

v.

**Mrs. J. G. McALPINE, a Widow, Appellee.**

No. 14037.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 9, 1963.

Charles J. Lieck, Jr., Dist. Atty., Joe E. Anderson, C. J. Matthews, Asst. Dist. Attys., San Antonio, for appellant.

Park Street, James Gardner, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a condemnation case in which Bexar County, Texas, acquired, for highway purposes, .954 of an acre of land out of a tract containing some 37 acres owned by Mrs. J. G. McAlpine, a widow, fronting 801.7 feet on the western side of Fredericksburg Road and extending back for some 1900 feet to form almost a perfect rectangle. This property had road frontage on the north its entire length on the Hamilton Wolfe Road. The portion taken was off the southeast part of the tract, cutting off an irregularly shaped piece of land, fronting 170.68 feet on Fredericksburg Road and extending back along the new road, named Wurzbach Road.

The trial was to a jury which made the following findings: (1) Value of part taken, $10,392.50; (2) Value of the remainder before taking, $118,264.00; (3) Value of

the remainder after taking, $109,572.00. Judgment was for the sum of $15,084.50, together with interest. The total recovery was for the sum of $19,084.50, less $4,000.00 previously paid by the County. The $19,084.50 was composed of $10,392.50 for the parcel taken and $8,692.00 for the severance damage to the remainder of the 37-acre tract. From this judgment Bexar County has prosecuted this appeal.

■■ Appellant's first contention is that the verdict of the jury is excessive. We agree, as there was no evidence to support the jury's finding, in effect, that the consequential or severance damages were $8,692.00. This sum was arrived at by the jury's finding that the remainder of the land before the taking had a fair market value of $118,264.00, and after the taking, a fair market value of $109,572.00, thus making the severance or consequential damages amount to the sum of $8,692.00. To establish consequential damages, appellee relied upon the testimony of two expert real estate witnesses, namely, Bert C. Fry and Roland R. Reinhardt. Neither of these witnesses testified as to how the remainder of the 37-acre tract was damaged by the taking of the parcel of land off the southeast corner of the tract. Fry frankly admitted that his testimony was based upon the fact that Mrs. J. G. McAlpine sold the remainder, some two years and eight months after the date of the taking, for the sum of $109,572.00. Fry's testimony was as follows:

"Q  Can you give the basis, how you arrived at the figure $109,572?

"A  · That is exactly what property sold for to the San Antonio Medical Society. I could use that figure for a sale that was made. * * *

"Q  Let me ask you this, Mr. Fry, that value was taken, that property was sold December 22, 1961?

"A  Yes.

"Q  You say that figure, was that in money, that figure $109,572, or

did you use any figures as of April 29, 1959?

"A  My figure of $109,572 was taken— I didn't see how I could have used any other figure as to the value.

"Q  That is a matter of record?

"A  That is right."

This testimony makes it quite clear that Fry's testimony as to the market value of the remainder after the taking, was based exclusively upon the price for which the remainder was sold on December 22, 1961, to the San Antonio Medical Society, and nothing else. He gave no material evidence to show in what way or manner the taking of the parcel injured or reduced the value of the remainder. The testimony of the witness Reinhardt was to the same effect.

It is true that in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, it was held that the consequential damages to the remainder of the tract not taken are determined by ascertaining the difference between the market value of the remainder immediately before the taking and immediately thereafter, taking into consideration the nature of the improvements, and use to which the land taken is to be put. This does not mean, however, that consequential or severance damages can be recovered without any evidence that there actually were some consequential or severance damages.

Appellant contends that evidence that Mrs. McAlpine sold the remainder of her land on December 22, 1961, to the San Antonio Medical Society for the sum of $109,572.00, was not admissible for any purpose, citing the case of United States v. Certain Parcels of Land in City of Philadelphia, 144 F.2d 626, 155 A.L.R. 253. This case does not support appellant's contention. The Court states that evidence of a sale made by an owner after he knows his land is to be condemned is admissible even though it furnishes an opportunity for a landowner "to enter into a collusive agreement of sale so as to manufacture evidence in support of an exorbitant claim." We have not found

a Texas case on this question, holding either way. We will assume, for the purpose of this opinion, that the evidence of the sale by Mrs. McAlpine was admissible, but it could not be accepted as evidence of consequential damages, in the absence of some evidence that the remainder of the 37-acre tract was damaged to some extent by the taking.

In Texas Electric Service Company v. Vest, Tex.Civ.App., 310 S.W.2d 733, the Court said:

"Then, too, the witnesses did not sufficiently explain or detail how and why the rest of the ranch would be damaged to this extent. While a witness may testify as to the value of the land by merely stating that he knows the land and its market value, when he testifies as to damage to the land and consequent depreciation in value, such testimony must be based on reasonable information. Hence, there is no explanation, other than the mere statement that the ingress and egress privilege would be a burden. Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151."

In Tennessee Gas & Transmission Co. v. Zirjacks, Tex.Civ.App., 244 S.W.2d 837, this Court said:

"One claiming damages to land must show the nature of the damage, the effect upon various portions of the tract and the relationship of the same to market value. A mere conclusion as to market value is insufficient for this purpose."

See also, City of Cedar Hill v. Wheeler, Tex.Civ.App., 326 S.W.2d 236, wr. ref., n. r. e.; State v. South Main Baptist Church, Tex.Civ.App., 361 S.W.2d 898.

The two expert real estate men who were called by the County testified, in effect, that there was no damage to the remainder of the property by reason of the taking of approximately one acre for road purposes. The witnesses for appellee did not testify to a single item of damage to the remainder by reason of the taking. They testified, and the jury found, that the value of the remainder just before the taking was $118,264.00, and that some two years and eight months later appellee sold the remainder for the sum of $109,572.00, but this does not establish that the severance or consequential damages were the sum of $8,692.00.

There was no evidence of any severance or consequential damages, and that part of the judgment awarding the sum of $8,692.00 as consequential or severance damages must be set aside.

The judgment will be reformed so as to eliminate the recovery for severance damages in the sum of $8,692.00, thus reducing the amount of recovery from $15,084.50 to $6,392.50, and as thus reformed the judgment will be affirmed.