SOUTH TEXAS ELECTRIC COOPERATIVE, INC., Appellant,

v.

Charles F. BEUTNAGEL et ux., Appellees.

No. 77.

Court of Civil Appeals of Texas.

Corpus Christi.

March 18, 1965.

Rehearing Denied April 8, 1965.

448

Fisher Alsup, of Alsup & Alsup, Corpus Christi, for appellant.

J. Marvin Ericson, Corpus Christi, for appellees.

SHARPE, Justice.

This appeal is from a judgment in a condemnation case in which South Texas Electric Cooperative, Inc., appellant, condemned a right-of-way easement over and across the property of Charles F. Beutnagel and wife, appellees, for the purpose of erecting, operating and maintaining an electric power transmission line. Upon a jury verdict consisting of answer to four special issues, judgment was rendered in favor of appellees for $3,005.88.

Appellant urges ten points of error. Four of such points (one, two, eight and nine) involve the special issues submitted to the jury. Four additional points (four, five, six and seven) involve instructions submitted to the jury along with such issues. Point three involves an alleged error in failing to grant appellant's motion for judgment based upon the answers to special issues 1 and 2, disregarding the answers to special issues 3 and 4. Point ten involves an alleged error of the trial court in connection with the testimony of the wit-

ness Porter and an instruction given to the jury in such respect.

The four special issues submitted to the jury were answered substantially as follows: (1) the market value of the strip taken for the right-of-way easement (50 by 2,363 feet), consisting of 2.712 acres, immediately prior to such taking on August 1, 1962, was $1,300.00, (2) the market value of said strip for the right-of-way easement immediately after the taking by appellant was $300.00, (3) the market value of the average acre of the remaining portion of appellees' tract immediately before the taking of such right-of-way easement was $475.00, and (4) the market value of the average acre of the remaining portion of said tract immediately after the taking of said right-of-way easement was $465.00. Appellees' farm consisted of 203.3 acres, of which 2.712 acres were taken for said easement, leaving a remainder of 200.588 acres. The effect of the verdict was to award $1,000.00 for the strip taken for the right-of-way easement and $2,005.88 as damages to the remainder.

By its points one and two, appellant complains of the submission of special issues 3 and 4. By point three, appellant contends that the answers to such issues should have been disregarded and judgment rendered only upon the answers to special issues 1 and 2. Appellant's first three points are briefed and argued together. Such points are so general that it is necessary to look to the statement and argument thereunder in order to determine the contentions made. From such examination it appears appellant's position is substantially as follows: there was no evidence or insufficient evidence to support the submission of issues 3 and 4; that issue 4 is based upon an incorrect measure of damages in that it allowed the landowner to recover damages for decrease in value as a result of a taking which is common to the community as a whole and not peculiar to the particular tract; that issue 4 allows a double recovery of damages in that the value of the remainder of appellees' land was determined immedi-

ately after the taking the right-of-way easement without excluding the strip so taken, for which the owner was compensated due to the answers to special issues 1 and 2; and that appellant's motion to disregard the answers to issues 3 and 4 should have been granted and judgment rendered based on the answers to issues 1 and 2.

■ Several witnesses testified as to the reasonable market value of the remainder of appellees' farm prior to the taking by appellant of the strip for the right-of-way easement. One of appellant's expert witnesses, Mr. E. Charles Lewis, testified that the value of said remainder, immediately before the taking of said strip for the easement, was $475.00 per acre. He also testified that the value was the same immediately after said taking, but the jury did not credit such testimony, and found that there had been a decrease in the average acre value of $10.00. Appellee, Charles F. Beutnagel, testified that the value of the land prior to the taking of said strip was from $450.00 to $500.00 per acre. Mr. Stanley Fry, a witness for appellees, testified that the value of said land, prior to the taking was $475.00. Mr. Milton Porter, a witness for appellees, testified that the value of the land, prior to said taking, was $500.00 per acre. Appellant's witness Kelly said the land was worth only $300.00 per acre, but the jury obviously failed to credit such testimony, finding, in answer to special issue 3, that such value of the remainder prior to the taking of the strip was $475.00 per acre. There is ample support for such finding in the testimony above-mentioned.

Mr. Beutnagel and his witnesses Porter and Fry testified to various factors which tended to cause a decrease in the value of the remainder of the tract in question brought about by the taking of the strip for the right-of-way easement for an electric power transmission line. Porter testified that, in his opinion, such market value was reduced by $50.00 per acre, and Fry said it was reduced by $25.00 per acre.

Some of the reasons given for such reduction in value are as follows: extra work and expense in farming the tract, laying out the rows, plowing, cultivating, planting, applying insecticides, keeping the land free of weeds; hazards to farm workers and machinery, unsightliness of the power line extending diagonally across the land; interference with television and radio reception in the home on the premises; and danger from lightning. The jury finding on special issue 4, that the remainder of appellees' tract was worth $465.00 an acre after the taking of said strip for the easement finds more than sufficient support in the evidence.

Appellant's reliance, in connection with points one, two and three, on the case of Tennessee Gas and Transmission Co. v. Zirjacks, 244 S.W.2d 837 (Tex.Civ.App., 1951, wr. dism.) is misplaced. The physical facts surrounding an easement for the purpose of a buried gas pipe line are substantially different from those present here where an overhead electric power transmission line cuts diagonally across a rectangular tract of farm land. Most of such differences are pointed up by the opinion in Texas Electric Service Co. v. Etheredge, 324 S.W.2d 322 (Tex.Civ.App., 1959, n. w. h.)

■ Appellant's complaint that special issue 4 is based upon an incorrect measure of damages in allowing the landowner to recover damages for decrease in value common to the community as a whole and not peculiar to the particular tract, is also without merit. There was no evidence in the record of any such increase or decrease of appellee's remaining land because of benefits or injuries received in common by the community generally, and, therefore, the same had no place in the charge of the court. The inclusion in the court's charge to the jury of items of damage about which there is not proof would be erroneous. See Hodges v. Plasky, 300 S.W.2d 955 (Tex. Civ.App., 1957, wr. ref. n. r. e.).

Examination of all four of the special issues submitted to the jury reflects that issues 1 and 2 related only to the strip taken for such right-of-way easement and that issues 3 and 4 related to the remainder of appellees' farm, after excluding said strip. Special issues 3 and 4 might have been more explicit in excluding the strip taken from consideration, but we do not find that a double recovery was allowed on account of the way issue 4 was framed. Examination of all four issues submitted to the jury shows that the wording of issues 3 and 4 was sufficiently certain to prevent the jury from being misled in such respect.

From the above discussion it is apparent that the contentions made under appellant's first three points are not well taken. There was evidence to support the answers of the jury to special issues 3 and 4 by witnesses who were qualified to express opinions as to the value so found, and sufficient reasons were given to support such conclusions. The case of Texas Electric Service Company v. Etheredge, supra, is very similar to the instant one, involving most of the factors affecting market value of the remainder before and after the taking. Since special issues 3 and 4 were sufficiently supported by evidence, it follows that appellant's point three, based upon the refusal of the trial court to disregard the answers thereto, is also without merit and should be overruled along with the said points one and two.

Appellant's points four, five, six and seven involve alleged errors in the instructions given to the jury in connection with the above-mentioned four special issues. The Transcript herein does not contain, as a separate instrument, the charge of the court and the verdict of the jury, although the judgment sets out the said four special issues. Appellee, under his fourth counter-point of his brief clearly called attention to the fact that the record failed to disclose any of the matters complained of in appellant's fourth, fifth, sixth and seventh points and that nothing, therefore, was presented for review. In its reply brief, appellant says that a Supplemental Transcript had been filed which contained appellant's objections to the charge of the court as set out under its points four, five, six and seven. While the Supplemental Transcript filed herein does contain six instruments setting out objections to portions of the charge of the court allegedly given to the jury, endorsed by the trial judge and showing that such objections were made, nevertheless, the total Transcript herein, Original and Supplemental, still does not contain the charge of the court and the verdict of the jury. Appellant's designation includes a request for "All of the Plaintiff's objections and Exceptions to the Court's Charge, and the Court's order overruling them" but there is no request for the charge of the court or verdict of the jury to be included in the Transcript. We cannot ascertain, in this state of the record, what instructions were actually given to the jury by the court, and error would not be reflected, therefore, by appellant's points four, five, six and seven, for such reason. See Gowan v. Reimers, 220 S.W.2d 331, 336 (Tex.Civ.App., 1949, wr. ref. n. r. e.); Broome v. Edna Gladney Home, 295 S.W. 2d 266 (Tex.Civ.App., 1956, n. w. h.). However, we have considered the contentions made by appellant under its points four, five, six and seven on the basis of what it alleges is shown by the record, and it appears that such points are not well taken and should be overruled.

Appellant's point number eight complains generally of the submission of special issue 2 which reads as follows:

"What do you find from a preponderance of the evidence, was the market value of the fifty foot by two thousand three hundred sixty-three foot strip of land, consisting of 2.712 acres, covered by the right of way easement acquired by Plaintiff corporation, upon, over and across the farm property of Charles F. Beutnagel and wife, Elsa A. Beutnagel, immediately after it was

taken by Plaintiff corporation on August 1, 1962, taking into consideration the purposes and uses for which it was so taken?"

Said point does not specifically call attention to the alleged error relied upon by appellant. However, in its argument thereunder, the contention is made that the trial court should have added to such instruction the words "taking into consideration the uses, if any, which Defendants, the owners of such land, may make of the land not inconsistent with the uses of said land for the purposes for which South Texas Electric Cooperative, Inc., condemned said land." As we have heretofore pointed out, in the state of the record herein, we cannot ascertain with any degree of certainty what instructions were actually given to the jury. It may be that the substance of such additional instruction, mentioned by appellant, was actually given to the jury as a part of the court's charge, in which case the claimed error would not have to be considered. It appears that the four special issues submitted to the jury in this case were substantially the same as those in the case of Central Power and Light Co. v. Graddy, 318 S.W.2d 943 (Tex.Civ.App., 1958, n. w. h.), but we cannot determine with certainty that the instructions accompanying such issues were or were not given in the instant case; although the Transcript indicates, as distinguished from actually showing, that the substance of the instructions in the cited case were given by the court below. Appellant has failed to demonstrate error in connection with its eighth point and the same is overruled.

Appellant's point nine complains generally of the submission of special issue 1, reading as follows:

"What do you find from a preponderance of the evidence, was the market value of the fifty foot by two thousand three hundred sixty-three foot strip of land, consisting of 2,712 acres, covered by the right of way easement acquired by the Plaintiff corporation upon, over and across the farm property of Defendants, Charles F. Beutnagel and wife Elsa A. Beutnagel, immediately prior to the taking of such right of way easement by the Plaintiff corporation on August 1, 1962?"

Said point nine is briefed with appellant's point ten which contends that the trial should have admitted the opinion testimony of the appellees' witness Porter, on cross-examination, as to the market value of the strip of land condemned, considered as a severed strip, immediately before the taking; and that the trial court erred in instructing the jury to disregard the said witness' testimony in such respect.

Under its point nine, appellant seems to urge two contentions. One is that special issue 1, in effect, told the jury that appellees' property had value only as farm property, and the second is that such issue permitted the jury to make a finding as to the value of the strip taken for the right-of-way easement as a part of the whole tract instead of considering it as a separate strip of land. A reading of the four special issues, as they are set out in the judgment, reflects that such contentions are not well taken. The term "farm property" was used only to identify or describe the property in question, and the strip taken was sufficiently identified and described in special issue 1 so that it would be considered separately by the jury.

█ The basis for appellant's contention under its point ten is not supported by the record. The trial judge sustained on objection to a question propounded by counsel for appellant to appellee's witness Porter and instructed the jury not to consider it. The trial court did not instruct the jury to disregard the testimony of said witness which had been previously given in response to other questions, and which had not been objected to. In connection with the question to which the said ob-

jection was sustained, there was no bill of exception perfected showing what the testimony would have been had the witness answered said question. Therefore, nothing is presented for review on account of the contention made under point ten. Ex-Parte Taylor, 322 S.W.2d 309 (Tex.Civ. App., 1959, n. w. h); Wheat v. Citizens National Bank at Brownwood, 310 S.W.2d 735 (Tex.Civ.App., 1958, wr. ref. n. r. e.).

Upon the record before us, we are unable to say that reversible error is presented and the judgment appealed from is accordingly affirmed.