## RYAN et ux. v. STATE. (No. 848.)

Court of Civil Appeals of Texas. Waco.
Oct. 31, 1929.

Wm. Watson and Seale & Seale, all of Centerville, for appellants.

R. E. Burroughs, of Centerville, and M. L. Bennett, of Normangee, for the State.

BARCUS, J. This is a condemnation proceeding, instituted by appellee to condemn certain property belonging to appellants, for highway purposes. A petition for condemnation was filed with the county judge, who appointed commissioners, and said commissioners made their report, and appellants filed their objections to said report. The cause was tried to a jury and resulted in judgment in favor of appellee for the land and awarding appellants $350 damages.

Appellants, in the county court, objected to the award as made by the commissioners and made a motion to set their finding aside because same was void and without any legal force and effect, for the reason, among others, that the plaintiff, nor any one acting for it, ever made any effort to agree with the defendants, or either of them, before or since the appointment of said commissioners as to the amount of damage they would sustain by reason of the construction of the proposed road. Appellants on the trial testified that the plaintiff did not, nor did any one connected with it, in any way attempt to agree with them upon the amount of damages. Appellants requested the court to submit to the jury the question as to whether the plaintiff, or any one acting for it, did make a bona fide attempt to agree with the defendants on the amount of damages and the value of their land sought to be condemned, prior to the filing of the condemnation proceeding. The trial court refused to submit said issue.

The only assignment of error presented by appellants is that the trial court erred in refusing to submit said requested issue. There is no question but that the evidence raised the issue requested. The sole question for determination, therefore, is whether the county court has the authority or jurisdiction to hear and determine a condemnation proceeding, unless it affirmatively appears from the evidence that prior to the filing thereof there was a bona fide effort made by the plaintiff with the defendants to agree upon the amount of damage and the value of the land sought to be condemned.

The only right of eminent domain and condemnation proceeding to acquire same is that given by statute. The general rule is that where the cause of action and remedy for its enforcement are derived from the statute, its provisions are mandatory and exclusive and must be complied with or the action is not maintainable. 1 Texas Jurisprudence, 634; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, and authorities there cited. The statute, Rev. St. 1925, art. 3264, relating to eminent domain provides specifically that the party desiring to condemn property, after having failed to agree with the owner of the land, shall file a statement in writing with the county judge, and then gives in detail the matters that must be embraced in said written statement. Our courts have uniformly held that the county court has no authority to enter a decree of condemnation under the eminent domain statutes unless the petition alleges and the proof shows that prior to the filing of the application for condemnation the applicant had made an unsuccessful bona fide at-

tempt to procure an agreement from the landowner as to the amount of damages which would be sustained by him as a result of the condemnation. Coleman v. Archer County (Tex. Civ. App.) 16 S.W.(2d) 942; Clements v. Fort Worth & D. S. P. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 895; Porter v. City of Abilene (Tex. App.) 16 S. W. 107; Barnes v. Chicago, R. I. & T. Ry. Co. (Tex. Civ. App.) 33 S. W. 601.

█ The trial court was in error in refusing to submit said special issue to the jury.

The judgment is reversed, and the cause remanded.