**GULF STATES UTILITIES COMPANY,**
**Appellant,**

v.

**Alice Hunter AUSTIN et al., Appellees.**

**No. 221.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 12, 1969.

Rehearing Denied April 9, 1969.

J. Hoke Peacock, Orgain, Bell & Tucker, Beaumont, for appellant.

Tanner T. Hunt, Jr., Wells, Duncan, Beard, Greenberg & Hunt, Beaumont, for appellees.

SAM D. JOHNSON, Justice.

This is an eminent domain case, in which appellant, Gulf States Utilities Company acquired a transmission line easement through and on appellee's 80-acre tract of land. Following the Special Commissioners' award Gulf States duly appealed to the County Court of Chambers County where the trial was to a jury. It was there stipulated that the only issue in the case was the value of the rights acquired and the damages, if any, to the remainder.

The trial resulted in a judgment for the landowners in the sum of $18,215. Such judgment was composed of $8,100 for 8.49 acres of land within the easement, $115 for an anchor easement that is not in issue here, and $10,000 for diminution in value of the remainder of the 80-acre tract outside the easement. Gulf States duly perfects this appeal.

In essence, Gulf States seeks a new trial on the grounds of no competent evidence or insufficient evidence to support the jury's special issue finding as to the value of the remainder of the tract before and after taking, or to support the jury's answer inquiring as to the value of the 8.49 acre easement area prior to the taking. It is in this connection that Gulf States contends certain testimony was erroneously admitted. Gulf States further contends the landowner's recovery is excessive and seeks a remittitur.

The property in issue is a rectangular tract of 80 acres of land bounded by a road on the south. The easement is 150 feet in width and runs from south to north through the center of the property; from such northerly point the easement then proceeds through and adjacent to the north line of the property to its west boundary. Such easement is for the purpose of constructing, operating and maintaining an electric transmission line. The highest and best use of the 80-acre tract was shown to be for homesites on small plots.

Appellant's first points of error relate to the admission of certain testimony by the witness, Mary Hunter, who was a condemnee and one of the three owners of the subject property. The question presented is whether a landowner witness who has not qualified as an expert witness, will be permitted to testify to the remainder value of her property after the condemnation of an easement. Appellant strongly contends that though a non-expert landowner witness may be qualified to state his opinion of the value of the remainder when a fee interest is condemned, that such witness is not qualified to give testimony as to the value of the remainder where only an easement is being taken.

Only two witnesses testified for the condemnees and each testified to the prior and after market value of the property. The first witness, Mary Hunter, was not qualified as an expert and testified as a landowner. Over objection, Miss Hunter was permitted to state her opinion of the value of the remainder burdened with a rather large electric transmission line easement, even though she was not shown to be familiar with the real estate market of property burdened with similar easements in the vicinity of the subject property.

Here the landowner showed great familiarity with the tract in issue in giving her opinion of the value of its various segments prior to condemnation. None of such testimony was objected to by counsel for appellant. She testified that she was generally familiar with property values in the area and that she felt, considering her education, background and experience she was qualified to have an opinion about values in the area. She further stated that in her employment she worked daily with land values. The reasons given by this witness in support of her testimony that the remainder would be diminished in value and the amount of such diminution as a result of

the presence of the highline easement were rather specific.

■ In condemnation suits the opinions of the landowner as to land values are admissible. City of Houston v. Collins, Tex. Civ.App., 310 S.W.2d 697, no writ hist.; City of Teague v. Stiles, Tex.Civ.App., 263 S.W.2d 623, ref., n. r. e. A landowner can testify to facts affecting the market value of his property. Tennessee Gas Transmission Co. v. Dishman, Tex.Civ.App., 303 S.W.2d 471, ref., n. r. e; Brazos River Conservation & Reclamation Dist. v. Costello, Tex.Civ.App., 169 S.W.2d 977, ref., w. o. m. Further, a landowner has been held to be a qualified witness to the value of his land after his property was damaged by the state in constructing a highway embankment. State v. Loessin, 343 S.W.2d 494, ref., n. r. e. In City of Teague v. Stiles, supra, the Court states, " * * * (W)hen a witness gives evidence that he is acquainted with the market value, he is prima facie qualified to testify concerning value as an expert. His testimony is admissible as such, and it then becomes a question of the weight that may be given it by the jury. City of Houston v. Schorr, Tex.Civ. App., 231 S.W.2d 740; City of Trinity v. McPhail, Tex.Civ.App., 131 S.W.2d 803." We believe this to be the proper response to the question presented.

Not the least among the reasons for permitting a landowner's testimony as to the after-value of property when an easement only is being taken is seen in the result of a contrary determination. Under the system in general use the jury is called on to determine two values, that before and that after condemnation. Most landowners are not able to qualify as experts and would therefore be unable to state an opinion relative to the second essential ingredient of value. A landowner's testimony would be so limited to be completely ineffectual.

■ In the instant case the trial court's emphasis in admitting such testimony was to the effect that it was the landowner's *opinion* and that a landowner was permitted to state such opinion to the jury. Such does not constitute a comment on the weight of the testimony. Appellant's points of error one through four are overruled.

Appellant's next contention is that the condemnees' second witness, John McAdams, was erroneously permitted to testify to the value of the remainder after the easements were acquired. Appellant's objection to such testimony is that the witness was permitted to state his conclusion as to the market value without first giving the basis for his opinion and laying the proper predicate therefor.

Appellant made the following objection at trial which best illustrates such contention. "My objection goes not to his (the witness') qualifications as an expert but as to the fact that he has not given any basis for his opinion that it (the property) is damaged. He has merely stated a conclusion that it is, and he has not laid the proper predicate for that opinion. He is not entitled to just offer a conclusion."

John McAdams was the only other witness offered by the appellee other than the aforementioned landowner. Unlike the previous witness, McAdams was duly qualified as an expert witness without objection. This witness gave a detailed description of the property, its improvements, location, use, outlook and history. His testimony illustrated its contemplated use and development. McAdams gave detailed testimony pertaining to value of the various parcels or segments of the subject property prior to condemnation.

The witness McAdams then testified that the easement seriously impaired the value of the remaining acreage, that the property was made less desirable for homesites by virtue of the easement and that homes could not be built next to the power line. Subject to the objection, McAdams then was permitted to give testimony relative to the value of the property burdened with the easement. The witness' testimony relates to matters that, at least in a general way, would depreciate what was established to

**414**

be the land's highest and best use, that is, homesites on small plots. Such homesites would be less desirable because of their proximity to the transmission line and the houses contemplated could not be built next to the power line. We believe this to be sufficiently specific as to how and why the property is damaged.

Further, we believe that the testimony of this unchallenged expert witness relative to the after-value of the property is admissible based on his detailed testimony of the subject tract and the predicate that was laid. This is particularly true because there was no cross-examination by appellant with respect to the reasons specified by the witness even though there was every opportunity to do so.

In Natural Gas Pipeline Co. of America v. Towler, Tex.Civ.App., 396 S.W. 2d 917, no writ hist., the Court stated that counsel for the condemning authority could have attempted on voir dire to show a witness' lack of qualification to express an opinion or could have sought the reasons for his opinion on cross-examination. Under facts not far divorced from those in the instant case the Court determined that the reasons behind an expert witness' opinion could be inquired into and developed either on direct or cross-examination, "* * * (B)ut such possibility does not make his testimony inadmissible or factually insufficient. The credibility of (the witness) and the weight to be given his testimony was for the jury." The Court there concluded, "We hold that there was some evidence of probative force raising the issue of damage to the remainder of appellees' tract and that such evidence is not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust." Our conclusion is the same and we cannot say that the court acted improperly in admitting the witness McAdam's testimony. See also State v. Scarborough, Tex.Civ. App., 383 S.W.2d 839, ref., n. r. e.

We have carefully examined appellant's remaining contentions and they are, in the main, disposed of by the foregoing determinations. Those not so determined are considered to be without merit and are overruled.

The judgment of the trial court is affirmed.