**William B. BROWNE et al., Appellants,**

**v.**

**JEFFERSON COUNTY, Appellee.**

**No. 7549.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 21, 1974.

Rehearing Denied March 14, 1974.

Sears and Burns, C. Charles Dippel, Houston, for appellant.

W. G. Walley, Jr., Beaumont, for appellee.

STEPHENSON, Justice.

This is an eminent domain case involving a clear zone easement. The landowners, Brownes, did not participate in the trial and are in this court by writ of error.

There is no statement of facts and no findings of fact or conclusions of law.

The judgment of the trial court shows that it was rendered and entered March 13, 1973. It contains a recitation that defendants were given due notice of the setting "on this day" and made no appearance other than the filing of a motion for continuance which was never presented or urged and was overruled. The judgment recites that no jury had been demanded and that the court proceeded to hear all matters of fact as well as of law. That defendants had not answered the requests for admissions served upon them; so the court found and concluded: That plaintiff, Jefferson County, was a municipality within the meaning of the Municipal Airports Act of the State of Texas. That defendants were the owners of the land described. That plaintiff and defendants had been unable to agree upon a sum to be paid for the clear zone easement. That plaintiff had filed the required statement and commissioners had been appointed. That after notice, evidence was heard and an award filed. That defendants filed their objections to the award and this proceeding was filed. That plaintiff deposited $300 with the clerk and took possession of the easement. That the difference in the market value of the land subjected to such easement, immediately before the taking and immediately after the taking, was $300. It was adjudged that plaintiff recover from defendants a perpetual easement over and above defendants' property within the Northwest Clear Zone Approach Area of the Jefferson County Airport as shown by Exhibit A attached. That such easement comprised an air space above the property at the altitudes reflected by Exhibit A which should remain unobstructed by any structure or tree as defined by law. A metes and bounds description of the land followed.

The transcript contains a motion for new trial filed by defendants on March 26, 1973, which was overruled by the trial court May 3, 1973.

Defendants have a point of error that the trial court erred in trying this cause March 13, 1973, without notifying defendants of such trial date and affording them an opportunity to be heard.

The transcript contains a copy of a letter dated February 7, 1973, from the County Clerk's office addressed to defendants' attorney setting this case for a jury trial at 10:30 a. m., March 12, 1973. Also, in the transcript is a motion for continuance, stating that defendants' lead counsel had been in trial "this week in the District Court in Harris County, Texas, which trial is expected to carry over into next week." The motion asked that the case be continued from its trial setting on March 12, 1973, and was sworn to March 9, 1973. A notation on the bottom of that motion shows it was not presented and was overruled by the trial judge. The file mark on such motion shows 8 a. m., March 12, 1973.

■ Apparently, the motion for continuance was mailed to the court, as the motion indicates it was not presented. Absence of counsel is not an automatic ground for continuance, as that matter lies within the discretion of the trial judge. Rule 253, Texas Rules of Civil Procedure. It is noted here that defendants are not complaining about the action of the trial court in overruling the motion for continuance, as no mention is made of that action in this appeal.

*Rule* 247 reads as follows:

"Every suit shall be tried when it is called, unless continued or postponed to a future day of the term or placed at the end of the docket to be called again for trial in its regular order. No cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party."

The record before us shows this case was on the trial docket and that it was not tak-

en from such docket either by agreement of the parties or for good cause. See Marchyn v. Silva, 455 S.W.2d 442 (Tex. Civ.App., San Antonio, 1970, error ref., n. r. e.); Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891 (1948); and Murphy v. Stigall, 352 S.W.2d 918 (Tex.Civ.App., San Antonio, 1961, error ref.).

■ The test in these cases is "abuse of discretion" and we do not find that the trial court abused its discretion in allowing plaintiff to proceed to trial. It must be recognized in this day of congested trial dockets, a trial court must have discretion in controlling its docket. A litigant must not be allowed to assume that a motion for continuance can be mailed to a trial court to arrive the day the case is set for trial, and then make no further appearance in the trial court relying upon the assumption the trial court cannot proceed without him. The point of error is overruled.

■ Defendants have a point of error that the description of the easement sought is so indefinite and uncertain that the location of the easement cannot be ascertained and the correlative rights of the parties cannot be determined, in violation of Article 3264, Vernon's Ann.Civ.St. This point is overruled.

The original statement filed by Jefferson County contained an allegation that defendants are the owners of:

"Area 4, Parcel 5 described particularly on the exhibit attached hereto and made a part hereof by reference and designated as 'Description of Parcel 5, Area 4.'"

Such statement contained the following paragraphs:

"3.

"The Commissioners Court of Jefferson County has heretofore found and declared that it is necessary for the safe and efficient operation of said airport and to prevent the establishment of air-port hazards with regard to said airport there be designated and established a Clear Zone Approach Area, described as Area 4, located Northwest of the end of the Northwest-Southeast runway of said Jefferson County Airport which said clear zone approach area is schematically indicated as being located on the ground within the boundaries of lines A–B–C–D of Figure 1, of Exhibit A, attached hereto and made a part hereof by reference, and in the air, above a trapezoid plane across and above said ground area as is depicted by Figure 2 of such Exhibit A.

"4.

"The land and property of Defendants above described is situated and located within the confines of said Area 4, Clear Zone Approach Area and said Commissioners' Court of Jefferson County, Texas has found and determined it necessary and expedient, and in the public interest, to take, acquire and hold a perpetual easement within the said Clear Zone Approach Area over and above Defendant's said property and premises an air space unobstructed by any structure or tree, as defined by law, with the full right and power of Plaintiff, its agents, servants or employees or its successors or assigns to enter upon the tract of land of Defendants above described, and to remove from such air space, or mark and light, as obstructions to air navigation, any and all structures, trees, or other objects within said Clear Zone Approach Area over and above said tract of land which shall be deemed by Plaintiff of such nature as to interfere with the operation and maintenance of said airport as a public airport.

"AREA 4, PARCEL 5:

"The herein described tract or parcel of land being that portion of Lot 23 of Beauxart Gardens as shown in Vol. 6, Page 62 of the Map Records of the

County Clerk of Jefferson County, Texas, which lies within the Northwest Clear Zone of the JEFFERSON COUNTY AIRPORT save and except, that lot or parcel of land in the Northeast corner of said Lot 23 conveyed on June 1, 1962 by William B. Browne and wife, Mildred S. Browne, to Vernon N. Hill and wife, Bonnie Lynn Hill, as recorded in Vol. 1306, Page 175 of the Deed Records of Jefferson County, Texas; said portion of Lot 23 still the property of William B. Browne and wife within the clear zone being more fully described as follows:

"BEGINNING at the Northwest corner of Lot 23 of Beauxart Gardens, said corner being the point of intersection of the East line of the Beauxart Gardens, and the South line of the Viterbo Road as now located;

"THENCE S. 75° 37′ 42″ E., 366.97 feet along the North line of Lot 23 or Beauxart Gardens, which is the South line of the Viterbo Road as now located, to the Northwest corner of the lot or parcel of land conveyed to Vernon N. Hill and wife;

"THENCE S. 14° 21′ 18″ W., 154.9 feet along the Hill West line to a point for corner;

"THENCE S. 75° 37′ 42″ E., 158.3 feet to a point in the East line of Lot 23;

"THENCE S. 1° 30′ W., 103.1 feet to a point in the outside boundary line of the Northwest Clear Zone of the JEFFERSON COUNTY AIRPORT;

"THENCE N. 66° 39′ 30″ W., 580 feet to a point in the East line of the Beauxart Gardens Road, which is the West line of Lot 23 of Beauxart Gardens;

"THENCE in a Northerly direction following the curvature of the Beauxart Garden Road a distance of 172 feet to the POINT OF BEGINNING and containing 1.72 acres of land, more or less."

Attached to such statement is Exhibit A which contains Figure No. 1, a horizontal drawing of the easement and Figure No. 2, which is a vertical drawing of the easement. We have concluded that all of these allegations considered together furnish all of the information necessary in order to locate the clear zone easement and determine the correlative rights of the parties.

■ The fourth call following the beginning call set forth in the petition reads:

"THENCE S. 1° 30′ W., 103.1 feet to a point in the outside boundary line of the Northwest Clear Zone of the Jefferson County Airport; . . ."

In the judgment such fourth call reads:

"THENCE 1° 30′ W., 103.1 feet to a point in the outside boundary line of the Northwest Clear Zone of the Jefferson County Airport; . . ."

It is apparent that this defect in the description in the judgment is purely a clerical error, and the judgment of the trial court is here corrected so that the fourth call is amended to read as it was set forth in the petition.

Reformed and affirmed.