**DeWitt J. JENKINS et al., Appellants,**

v.

**JEFFERSON COUNTY, Appellee.**

No. 7554.

Court of Civil Appeals of Texas, Beaumont.

Feb. 28, 1974.

Rehearing Denied March 28, 1974.

Sears and Burns, C. Charles Dippel, Houston, for appellants.

W. G. Walley, Jr., Beaumont, for appellee.

DIES, Chief Justice.

This is a condemnation case instituted by Jefferson County to condemn a clear zone approach easement near the County Airport over and above appellants' realty.

In a jury trial, the court refused to allow landowners (appellants) to give evidence that Jefferson County, condemnor, had made no good faith or bona fide effort to agree with landowners on damage, and this complaint is landowners' first point of error.

The exercise of the right of eminent domain is governed by Article 3264, Vernon's Ann.Civ.St.

That statute requires Jefferson County, condemnor, to allege that it has been unable "to agree with the owner of the land on the amount of damages" before filing its statement in writing with the county judge. And the statute requires the writing to state "that the plaintiff and the owner have been unable to agree upon the value of the land or the damages."

The statement filed here by condemnor alleged, "Plaintiff [Jefferson County] has attempted, in good faith, to agree with Defendants as to the amount of compensation to be paid to them for said property

rights necessary to be so acquired but has been unable to so agree . . . ."

Landowners' objection to the commissioners' award complained only that the amount of compensation awarded them was inadequate.

Unanswered requests for admissions of fact were received in evidence. Among the requests was the following:

"2. Subsequent to the adoption of said Order by said Commissioners Court of Jefferson County [declaring the public necessity of acquisition of the easement involved], Jefferson County and Defendants attempted to agree as to the amount of compensation to be paid to Defendants by reason of the taking of said easement, but said parties were unable to agree upon said amount."

Landowners cite us Lapsley v. State, 405 S.W.2d 406 (Tex.Civ.App., Texarkana, 1966, error ref., n.r.e.), and Ryan v. State, 21 S.W.2d 597 (Tex.Civ.App., Waco, 1929, no writ).

In neither of these cases was this precise situation involved. *Ryan* states at 597:

"Our courts have uniformly held that the county court has no authority to enter a decree of condemnation under the eminent domain statutes unless the petition alleges and the proof shows that prior to the filing of the application for condemnation the applicant had made an unsuccessful bona fide attempt to procure an agreement from the landowner as to the amount of damages which would be sustained by him as a result of the condemnation."

*Lapsley* states at 411 of 405 S.W.2d: "This statute contemplates good faith negotiation."

■ We agree with these statements. However, in the absence of an answer to the request for admission (which is in the precise language of the statute) denying the element of good faith, we hold that this is presumed.

There is yet another reason we believe why landowners' contention is not good.

Article 3266, V.A.C.S., Subdivision 6, permits a dissatisfied party (following the commissioners' award) to file objections with the county judge "setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

■■ As previously noted, landowners' objection here did not raise the good faith contention. This is a matter which must be pleaded or is waived. Lohmann v. Natural Gas Pipeline Company of America, 434 S.W.2d 879, 882 (Tex.Civ.App., Beaumont, 1968, error ref., n.r.e.); M. Rayburn, Texas Law of Condemnation, Sec. 72(2), at 268 (1960).

This point of error is overruled.

■ Landowners' next point of error complains that the description of the easement in the Statement of Condemnation is insufficient.

This description parallels that in the recent case Browne v. Jefferson County, 507 S.W.2d 293 (Tex.Civ.App., Beaumont, 1974, writ pending), of Judge Homer E. Stephenson. We held there the description to be sufficient. We adopt that holding in this point of error. This point is overruled.

Even if we were to find landowners' other points of error to have merit, still we believe he has shown no harm under Rule 434, Texas Rules of Civil procedure.

■ The only witness on value was Mr. Jenkins, landowner. It is abundantly clear that Mr. Jenkins was not qualified to give testimony on value. He might have qualified, but he did not; and, as we said in Jefferson County v. Cohrt, 487 S.W.2d 444, 446 (Tex.Civ.App., Beaumont, 1972, no writ).

"We are not saying that Cohrt could not qualify to give [his] opinion. We are

only saying that he did not, and before a jury could pass on its effect on the market value of the land, it would need this evidence."

The only other witness on value, Mr. Hall, gave a value less than that found by the jury. However, Jefferson County makes no objection to this. All points of error are overruled. The judgment of the trial court is affirmed.

Affirmed.