**John W. SJOLANDER, Appellant,**

v.

**The CITY OF HOUSTON, Appellee.**

**No. 7937.**

Court of Civil Appeals of Texas.

May 5, 1977.

Rehearing Denied May 26, 1977.

---

Sjolander. The City of Houston is defendant, and inverse condemnation is the nature of the cause of action. Trial was before the court, and judgment was rendered that plaintiff take nothing.

The findings of fact made by the trial court succinctly state the factual situation which existed. The findings which plaintiff agrees are correctly stated, in substance, as follows: In 1969 and prior years, plaintiff was a rice farmer and held a leasehold interest in the property involved in this suit. Only the Federal Aviation Administration has ground control of flights of aircraft within the Terminal Control Area in which the property involved is located. In April 1969, plaintiff planted seventy-five acres of rice, and, in May 1969, he planted another seventy-five acres. The Houston Intercontinental Airport, which is owned by defendant, was constructed and began operation June 6, 1969. June 10, 1969, the air service, which plaintiff had contracted with to spray his rice land, applied for a permit and were told their planes must have two-way radios to operate within the control area. Not having two-way radios, the air service notified plaintiff it could not get a permit. The proper time for spraying rice crops is critical, and a delay of one or two days can cause substantial loss. The yield from the two seventy-five acre tracts should have been thirty barrels per acre valued at $8.00 per barrel.

The trial court's only conclusion of law is as follows:

"There was no taking or damaging of the Plaintiffs' property by the Defendant and any loss sustained by Plaintiff was caused by the failure of Plaintiff to contract with an air service which could meet the requirements of the Federal Aviation Administration."

Plaintiff's lease was not offered in evidence although he testified that it was in writing and that he had secured one each year.

This case must first be distinguished from a "clear zone easement" case. This court has written on that subject in

Price Daniel, Jr., Liberty, for appellant.

Otis H. King, Houston, for appellee.

STEPHENSON, Justice.

This is an action for damages to a leasehold interest held by plaintiff, John W.

*Jefferson County v. Cohrt*, 487 S.W.2d 444 (Tex.Civ.App.—Beaumont 1972, no writ). That was an eminent domain case in which Jefferson County condemned a specific clear zone approach area for its airport. In that type of taking the owner of the land could not use the air space taken for any purpose. In the case before us, there is no such restriction upon the landowner or the holder of the leasehold interest. The air space could be used but only by an airplane equipped with a radio. We have come to the conclusion that the regulation of the use of the air space over the leasehold interest in question is a taking by inverse condemnation and is compensable under *Tex.Const. art. I, § 17.* See *Griggs v. County of Allegheny*, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962). In that case the Supreme Court held that low landing and takeoff flights over the property in question made such property undesirable and unbearable for residential use and constituted a "taking" of the air space over the property in question. In that case it was also held that the County, as the promoter, owner and lessor of the airport, and not the United States, is the one who takes and must pay compensation. See also *United States v. Causby*, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1945).

However, the "taking" in the case before us is a partial taking, at most, and must be adjudged accordingly. An unbroken line of authority since *State v. Carpenter*, 126 Tex. 604, 89 S.W.2d 194 (Tex.Com.App.1936, jdgmt. adopted), has held the amount of damage to the remainder must be determined by finding the difference in the market value immediately before and immediately after the taking.

In the case before us, even though the plaintiff designated his case to be one of inverse condemnation, there are no allegations as to the market value of the leasehold interest before and after this taking. The case was tried as a damage suit, and plaintiff offered evidence to show the amount of profit he would have made from this rice farm if there had been no restriction upon the use of the air space. Defendant objected to the introduction of such evidence specifically upon the ground that there were no pleadings as to the value of the leasehold interest before and after the taking. In spite of that objection, there is no evidence in the record before us as to the values of this leasehold interest before and after the taking.

There are few Texas cases passing upon the admissibility of evidence as to profits from a business in a condemnation case. In *Reilly v. State*, 382 S.W.2d 116, 121–122 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.), in a well written opinion by Chief Justice Murray, this is written:

"Under the Texas decisions income or profits from a business are admissible in evidence in condemnation cases in only two situations: (1) In those cases where the landowner's business has been temporarily interrupted because of a denial of access the landowner can recover his loss of profits as an element of damage. *Hart Bros. v. Dallas County*, Tex.Com. App., 279 S.W. 1111; *City of La Grange v. Pieratt*, 142 Tex. 23, 175 S.W.2d 243; *Gandy v. State*, Tex.Civ.App., 293 S.W.2d 534. (2) In those cases where only a part of the landowner's land is taken, an owner may show loss of profits as an injury to his business, not as a separate item of damage, but as affecting the market value of the remaining land and improvements for the uses to which they were adapted and were being put. *City of Dallas v. Priolo*, 150 Tex. 423, 242 S.W.2d 176; *Milam County v. Akers*, Tex.Civ. App., 181 S.W.2d 719.

\* \* \* \* \* \*

"With the exception of the above two mentioned situations, the Courts have held that business profits are too uncertain, speculative, conjectural and remote to be considered as a basis for computing market value. *State v. Parkey*, Tex.Civ. App., 295 S.W.2d 457. This Court has held that future profits from a farming operation are of no value in passing upon the question of market value, because they are too speculative. *Lower Nueces River Water Supply Dist. v. Sellers* [Tex. Civ.App.], 323 S.W.2d 324."

There being no pleadings or competent evidence upon which the trial court could render judgment for plaintiff, there was no error in the judgment rendered that plaintiff take nothing.

AFFIRMED.