## TENNESSEE GAS & TRANSMISSION CO. v. ZIRJACKS.

### No. 12353.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 19, 1951.

Rehearing Denied Jan. 16, 1952.

Stofer, Proctor, Houchins & Anderson, Victoria, for appellant.

E. L. Dunlap, Victoria, for appellee.

NORVELL, Justice.

This is an appeal from the County Court of Victoria County awarding appellee, Mrs. Julia Zirjacks, the sum of $1,324.72, for land condemned for pipe line purposes by appellant, Tennessee Gas and Transmission Company, and for incidental damage to adjacent lands owned by appellee. Mrs. Zirjacks owns a tract of 174.5 acres and the right-of-way condemned is a strip fifty feet wide running diagonally across the tract, occupying a total of 2.13 acres of land. The judgment of condemnation provided that the gas pipe line should be buried twenty-four inches beneath the surface of the soil and that appellee should retain all rights and property in and to said strip, except such rights as are necessary to the maintenance of the pipe line.

The sum of $1,324.72 was made up of two items: $31.95 for the 2.13 acres contained in the fifty-foot strip, and $1,292.77 for damages to the balance of the 174.5 acre tract. It is the award for damages to the balance of the tract that is the primary target of attack upon this appeal. It is based upon findings that the Zirjacks property, exclusive of the fifty-foot strip, was worth $75.00 per acre immediately before the strip was appropriated and worth only $67.50 per acre immediately afterwards.

This submission and the findings adduced as a result therefrom are attacked by numerous points and we shall not attempt to discuss them separately.

The judgment must fall for the primary reason that the evidence does not support the findings. We have carefully examined the statement of facts and find no specific testimony detailing in what ways the laying of the pipe line (thirty inches in diameter) twenty-four inches under the surface across the property within the

838

fifty-foot strip would affect the value of the land lying outside the fifty-foot strip. There is no showing that a decline in market value, if any, would be uniform throughout that portion of the 174.5 acres not included in the strip, i. e., that lands remote from the strip would suffer the same as that adjacent to it. The jury based the damages upon a per acreage basis and must have determined that each acre was depreciated in value to the same extent, or the damage to the tract as a whole was computed and then reduced to an acreage basis. One claiming damages to land must show the nature of the damage, the effect upon various portions of the tract and the relationship of the same to market value. A mere conclusion as to market value is insufficient for this purpose.

The evidence relied upon by appellee to support the judgment may be illustrated by giving an excerpt from the testimony of one of her witnesses. V. F. Kolle testified that he "was familiar generally with the values in the locality of Mrs. Zirjacks' land." He was then asked the following questions, to which he replied as follows:

"Q. What was the market value of Mrs. Zirjacks' 174.5 acres of land immediately before April 30, 1949 (the date of the appropriation of the fifty foot right-of-way), in your opinion? A. You want me to say about what the land was worth at that time?

"Q. Yes. A. About $75 an acre. * *

"Q. What in your opinion was the value of the property after the pipe line right-of-way was taken? A. About $60.

"Q. About $60, that's all."

Another witness, L. G. Davis, also, without stating any particular reason why the market value of the tract (outside the strip) would be affected, stated that the value of the property would be $70 an acre before the pipe line was constructed and $50.00 per acre thereafter. Another witness gave the value before April 30, 1949, as $75 per acre and the value thereafter as $60, $62 or $50 per acre.

One witness, C. O. Schmidt, testified that he didn't see why the land wouldn't still be worth $75 per acre after the pipe line was laid, and there was no specific testimony tending to show why a decline in market value would take place.

■ The evidence being insufficient to support the jury's finding, the judgment based thereon must be reversed. Beaumont Gaslight Co. v. Rutherford, Tex.Civ.App., 223 S.W. 245.

Reversed and remanded.