**WEST TEXAS UTILITIES COMPANY,**
Appellant,

v.

**Juanita Drake ABERNATHY et vir,**
Appellees.

No. 7075.

Court of Civil Appeals of Texas.

Amarillo.

July 3, 1961.

Wagstaff, Harwell, Alvis & Pope, Abilene, Bell & Sowell, Quanah, for appellant.

Mock & Spell, Wichita Falls, for appellees.

NORTHCUTT, Justice.

This appeal is from a judgment in a condemnation proceedings to acquire a right of way 50 feet wide across a portion of appellees' land instigated by appellant, West Texas Utilities Company, as condemner, against appellees, Juanita Drake Abernathy and husband, Earl Abernathy, owners of the land involved. It was stipulated by the parties that all the preliminary proceedings were had and that a commissioners' hearing was had and award made on December 2, 1959, which was stipulated to be the date of taking; that there was a necessity for the taking of the land; and that the only issue to be decided by the trial court and jury was the damages occasioned by the taking of the land described in appellant's petition for condemnation. The appellees were given the right to open and close the evidence and open and close the argument on the damage issue only, all in accordance with rule 266, Texas Rules of Civil Procedure, and that the parties were unable to arrive at any agreement as to the damages. The commissioners assessed the damages at $660, and appellees being dissatisfied with·

that award proceeded to have the damages assessed by a jury. The jury assessed the damages at $4,438.10.

Appellant presents this appeal upon four points of error, contending the judgment was manifestly excessive; the judgment was unsupported by competent evidence; that the evidence relating to remote, speculative and conjectural uses and injuries caused the rendition of an improper judgment; and improper questions and testimony concerning appellant's right of ingress and egress and rejected offers of purchase caused the rendition of an improper judgment.

This is a suit solely for condemnation by appellant of a right of way easement 50 feet wide and 7,827 feet long (aggregated 9.02 acres) for an electric transmission line entering appellees' land at the southwest corner of Sec. 245, Block H, Waco & Northwestern Ry. Co. Survey in Hardeman County, Texas, and extending in an easterly direction along the boundary line of appellees' land, the same being the south line of said section and also extending partially along the south boundary of Sec. 226, same block and survey, Hardeman County, Texas, the same also being the south boundary line of appellees' land. Appellees' interest in said section is subject to extensive reservations in favor of Certain-Teed Products Corporation and appellees own a like interest in the joining easterly Sec. 209, same block and same survey in Hardeman County, Texas. Thus, appellees own three contiguous sections of land comprising 1,980 acres and appellant's right of way coincides with the south boundary of the westernmost section and continues along the boundary line of the center section approximately half way across the section. The easement does not touch the east half of the center section nor does it touch the easternmost section of appellees' land.

Appellees' first point of error, that the judgment was manifestly excessive, contends it was error to render judgment for the entire value of the 9.02 acres strip where only an easement was condemned. The jury found that the reasonable market value of the surface of the land in the 50-foot easement across the land covering 9.02 acres immediately before condemnation was $496.10 but had no value after the taking. This is certainly an error and grants the appellees the full value of the land while granting appellant only an easement. Appellees contend if this should be considered an error it should be corrected by remittitur. Under the testimony in the case, we find ourselves in the same position as expressed in Texas Electric Service Company v. Vest, Tex.Civ.App., 310 S.W.2d 733, 734, (wr. ref., NRE) where it is stated:

"[1] Appellant's first three points deal with the jury's answer to Issue No. 2, which answer found that the strip of land condemned had no market value after the condemnation. We think these points are well taken, because the condemner did not take the entire fee, but only an easement, such easement not carrying with it the right to exclusive possession. Such a taking has been held to be a taking of less than the entire fee and, therefore, the entire value has not been destroyed. This is settled law in Texas and needs no further discussion. The jury's answer is, therefore, erroneous. Texas Electric Service Co. v. Perkins, Tex. Com.App., 23 S.W.2d 320; Texas Power & Light Co. v. Hering, Tex.Civ. App., 178 S.W.2d 162; Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S. W.2d 151.

"[2] It has been suggested that this error could be cured by remittitur, and we have, accordingly, given it very serious consideration and have tried diligently to do so. However, we are forced to the conclusion that the record, in its present state, is not sufficiently informative as to enable us either to require a proper remittitur or

to justify, from the evidence, any remittitur we might require or suggest."

This is not a case where the electric line extends out into the land as a whole but is a strip 50 feet wide along the south line of a portion of the land. The witnesses base their opinion as to the market value of the land without a proper limitation as to the interest owned by the appellees. Under the testimony concerning the ownership of the land, the appellees only owned a limitation title to the surface as shown by the reservations in their deeds. Other testimony of the witnesses was based upon possibilities rather than reasonable probabilities such as hunters getting into the land and appellant and others driving over the land. Appellant only sought the right to use the 50-foot strip and if appellant should in any other manner damage the other land by hunting on the same or driving over it, that would be a matter to be determined in another suit.

It is stated in the case of Texas Electric Service Company v. Campbell, 336 S. W.2d 742, 744 by the Supreme Court as follows:

"[1] In regard to this testimony the record shows that at its closest point the 50-foot easement is approximately two miles from the town of Kermit; that the easement sought and obtained does not grant the right to petitioner and its employees of unrestricted access or the privilege of driving its vehicles at will all over respondent's lands; that so far as ingress and egress are concerned all of the lands are now under oil and gas leases with all of the customary grants. We regard all of this evidence based on possibilities rather than reasonable probabilities, on mistaken ideas as to the privileges granted to petitioner and on speculation, as incompetent. It constitutes no evidence to aid the jury in the performance of its fact finding function.

"[2] As said in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 200, 'evidence should be excluded relating to remote, speculative, and conjectural uses, as well as injuries, which are not reflected in the present market value of the property.' "

We are of the opinion this judgment is manifestly excessive and is not supported by competent evidence but is based upon possibilities rather than probabilities and sustain appellant's first three points of error. From what has been said, we do not deem it necessary to discuss appellant's fourth point of error. The judgment of the trial court is reversed and remanded.