**NATURAL GAS PIPELINE COMPANY OF AMERICA, Appellant,**

v.

**Johnnie Harvill MITCHELL and husband, Hubbard K. Mitchell, Appellees.**

**NATURAL GAS PIPELINE COMPANY OF AMERICA, Appellant,**

v.

**Hubbard K. MITCHELL and wife, Johnnie Harvill Mitchell, Appellees.**

No. 7003.

Court of Civil Appeals of Texas.

Beaumont.

April 17, 1969.

Rehearing Denied May 8, 1969.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, for appellant.

Martin Dies, Jr., Lufkin, for appellees.

STEPHENSON, Justice.

This is an action in eminent domain to acquire a permanent easement for the purpose of constructing a natural gas pipe line. Natural Gas Pipeline Company of America will be referred to as condemnor, and Hubbard K. Mitchell and wife, Mrs. Johnnie Harvill Mitchell, will be referred to as condemnees. The Mrs. Johnnie Harvil Mitchell tract will be referred to as Tract No. One, and the Hubbard K. Mitchell tract will be referred to as Tract No. Two. It was stipulated that condemnor had the power and authority to condemn.

Condemnor's first point of error is that the trial court erred in not granting its motion for mistrial made after the selection of the jury and before the introduction of evidence. It was stipulated that the County Judge presiding over this case also presided over the trial of a case styled Natural Gas Pipeline Company of America v. White, 439 S.W.2d 475 (Tex.Civ. App.) which was completed just before this present case went to trial, and that three of the jurors in the White case were selected to try this case. It was further stipulated that this County Judge was a first cousin to Mrs. White. (The White case came to this court on appeal and was reversed and remanded because the trial judge was disqualified.) It is argued that these three jurors were disqualified to sit on the jury in the present case because of their participation in the White case. It is further argued that those three jurors heard evidence in the White case which was inadmissible and inflammatory and therefore could not try this case fairly and impartially.

Condemnor cites Indemnity Insurance Company of North America v. McGee, 163 Tex. 412, 356 S.W.2d 666 (1962), which is authority for the proposition that the County Judge was disqualified in the White case. However, we find no suggestion in the McGee case that the trial judge would be disqualified in a second case tried at about the same time, with some of the same jurors, but in which he was not disqualified.

██ We do not find subsection 5 of Article 2134 Vernon's Ann.Civ.St. to be applicable to this situation. This subdivision reads as follows:

"Any person who has sat as a petit juror in the former trial of the same, or of another case, involving the same questions of fact."

There is no showing that condemnor was forced to take the three jurors who served on both juries, and no objection was made to the trial court at the time of their selection. Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764, 774 (Tex.Sup., 1964). The evidence complained about which was heard in the White case by the three jurors was to the effect that newspaper articles had appeared in the Houston Post indicating it was dangerous to have a natural gas pipe line on the land. It having been found that the articles appeared in the newspaper after the date of the taking, no effort was made to introduce such evidence upon this trial. We do not find any abuse of discretion on the part of the trial court in refusing to grant such mistrial, and in any event, such action was not reversible error under Rule 434.

██ Condemnor's next series of points are that there is no evidence to support the findings of the jury as follows:

(1) The value of the land taken as a permanent 15-foot easement across Tract No. 1 before the taking was $300.00 (.2 acres).

(2) And, after the taking was none.

(3) The value of the land taken as a permanent 15-foot easement across Tract No. 2 before the taking was $1,212.00 (1.01 acres).

(4) And, after the taking was none.

In passing upon these points of error, we consider only the evidence favorable to such findings.

A summary of the value testimony pertaining to these points of error, as well as to others following later, is inserted here so that it may be easily understood. The witnesses, Travis Carrington and Doyle Anderson, were called by condemnees, and Will S. Holmes and Howard Walker were called by condemnor. All four are expert witnesses, and no question is raised as to their qualifications.

## SUMMARY OF VALUE TESTIMONY

| | TRACT NO. ONE | | TRACT NO. TWO | |
| --- | --- | --- | --- | --- |
| | PERMANENT EASEMENT | REMAINDER | PERMANENT EASEMENT | REMAINDER |
| Travis Carrington | Before $150.00 per acre / After $50.00 per acre | Before $2,500.00 per acre / After $1,750.00 per acre | Before $150.00 per acre / After $50.00 per acre | Before $2,500.00 per acre / After $1,900.00 per acre |
| Doyle Anderson | Before $150.00 per acre / After None | Before $2,500.00 per acre / After $1,750.00 per acre | Before $150.00 per acre / After None | Before $2,750.00 per acre / After $2,150.00 per acre |
| Will S. Holmes | Before $750.00 per acre / After $375.00 per acre | Before $1,000.00 per acre / After $1,000.00 per acre | Before $600.00 per acre / After $300.00 per acre | Before $800.00 per acre / After $800.00 per acre |
| Howard Walker | Before $400.00 per acre / After $160.00 per acre | Before $1,000.00 per acre / After $1,000.00 per acre | Before $360.00 per acre / After $144.00 per acre | Before $900.00 per acre / After $900.00 per acre |

This analysis of the testimony demonstrates that these points of error must be sustained. There is no evidence to support the findings by the jury that the value

of the 15-foot easement across Tract No. 1 before the taking was $300.00, and the value of the 15-foot easement across Tract No. 2 before the taking was $1,212.00. These values are higher than any of the testimony by the witnesses. The highest value in the evidence was $750.00 per acre, according to Will S. Holmes, as to Tract No. 1, which would be $150.00 for the .2 acres taken. As to Tract No. 2, the highest value in evidence was $600.00 per acre, according to Howard Walker, which would be $630.00 for the 1.01 acres taken.

The law is well settled that the taking of an easement which does not carry with it the right to exclusive possession, is a taking of less than the entire fee, and, therefore, the entire value has not been destroyed. Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151 (1950). West Texas Utilities Company v. Abernathy, 348 S.W.2d 794 (Amarillo Tex.Civ.App., 1961, no writ). Even though the witness Doyle Anderson testified the values of the 15-foot easement over both tracts would have no value after the taking, as a matter of law, this testimony does not support the jury findings of "none."

Condemnor's next series of points complain of the following findings by the jury:

(1) The value of the remainder of Tract No. 1, before the taking, was $12,600.00 (8.4 acres).

(2) And, after the taking was $10,080.00.

(3) The value of the remainder of Tract No. 2, before the taking, was $45,396.00 (37.83 acres).

(4) And, after the taking was $37,830.00.

It is urged in connection with each of these four special issues that there is no evidence to support such findings, that the evidence is insufficient to support such findings, that such findings are contrary to the weight and preponderance of the evidence, and that as a matter of law no damage could have been sustained to either remainder because of this condemnation proceeding. In passing upon the no evidence points, we consider only the evidence favorable to the findings of the jury, and in passing upon insufficiency of the evidence points and the points that the findings of the jury are contrary to the weight and preponderance of the evidence, we consider the entire record.

The main thrust of condemnor's argument is: That both tracts of land involved in this suit were already subject to a 100-foot wide right-of-way and easement belonging to condemnor upon which two natural gas pipe lines are situated. Also, that these tracts of land were subject to an easement and right-of-way granted by condemnees to Texas Power & Light Company 100 feet in width. That these existing easements overlap each other for a distance of 25 feet. That the easements sought in the present suit are within the lines of the already existing easements. The basis of condemnor's contention is that as a matter of law there was no decrease in the value of the remainders, because no additional damage was done to these remainders by adding another pipe line easement. Condemnor argues that none of the expert witnesses gave any reason why the remainders were damaged by this easement, and did not show the nature of the damages that would result to the remainders of the tracts of land nor the relationship of such damages to the market value. Citing, City of Cedar Hill v. Wheeler, 326 S.W.2d 236 (Dallas Tex.Civ.App., 1959, writ ref. n. r. e.), and Tennessee Gas & Transmission Co. v. Zirjacks, 244 S.W.2d 837 (San Antonio Tex.Civ.App., 1951, writ dism.).

The testimony in this case showed that the highest and best use of both tracts of land, which were adjoining, was com-

mercial. That this land is located on a four-lane Federal Highway about one mile from the City limits of Lufkin. The testimony of the two witnesses called by condemnees which showed a dimunition in the value of the remainder, constituted no more than a mere conclusion as to the values before and after. While testifying in connection with the value of the land taken for the easement, these witnesses stated the reason for the low value before the taking was the presence of the existing pipe lines. However, there is no evidence by the witnesses showing how the remainders in this case could be damaged by the laying of an additional pipe line within the new easement, along side the two existing pipe lines. Further, the evidence shows that the new 15-foot easements are located within the existing utility easements, and condemnees use had already been restricted. We have carefully read the cases cited by condemnees on these points of error, and City of Houston v. McFadden, 420 S.W.2d 811 (Houston Tex.Civ.App., 1967, writ ref. n. r. e.), and State v. Scarborough, 383 S.W.2d 839 (Texarkana Tex.Civ.App., 1964, writ ref. n. r. e.), in particular. We have concluded the underlined portions of the statement found in each of these opinions as follows:

"A mere conclusion as to market value is insufficient for such purpose. *But, this refers to the party claiming damage, not his value witness.*"

is not the law in this state. An attempt was being made in those cases to distinguish them from the Zirjacks case, supra. The opinion in the Zirjacks case mentions the testimony of three witnesses, none of which were named Zirjacks. The testimony of a fourth witness was mentioned, without giving a name. It is apparent that the Zirjacks case, supra, was not making the distinction mentioned in the McFadden and Scarborough cases, supra, and the testimony of either a party or his value witnesses would be insufficient if it is a mere conclusion.

 We hold, as it was stated in the Zirjacks case, supra:

"One claiming damages to land must show the nature of the damage, the effect upon various portions of the tract and the relationship of the same to market value. A mere conclusion as to market value is insufficient for this purpose."

Because of these errors, this case must be reversed. We do not find it necessary to pass upon the other points of error. In the interest of justice, this case is being remanded.

Reversed and remanded.