The STATE of Texas et al., Appellants,

v.

Wayne E. HOLLAND et ux., Appellees.

No. 478.

Court of Civil Appeals of Texas, Tyler.

April 23, 1970.

Colley & Lloyd, Paul S. Colley, Henderson, for appellants.

Gordon Wellborn & Rex Houston, Guinn D. Tate, Henderson, for appellees.

MOORE, Justice.

This is a condemnation case brought by The State of Texas acting by and through the Commissioner's Court of Rusk County, Texas, against Wayne E. Holland and wife, Peggy M. Holland. The land condemned consists of 1.22 acres out of a 10 acre tract used by the landowners for residential purposes. The State condemned for the purpose of widening U.S. Highway No. 259.

The cause was tried before a jury. In response to the three special issues submitted by the court, the jury found as follows: (1) that the strip of land taken had a reasonable market value of $1,228, (2) that the market value of the residue exclusive of the land taken, immediately before the taking, was $12,600, and (3) that immediately after the taking, such residue had a market value of $9,000. Judgment was rendered in favor of the landowners for $4,828, and The State perfected this appeal.

Appellants do not question the judgment insofar as it awards appellees damages for the 1.22 acres actually taken. The controversy stems from the jury's findings of damages to the residue.

By the first two points of error, appellants contend that the jury's finding in re-

sponse to Special Issue No. 3, when considered together with Special Issue No. 2, is not supported by the evidence, and alternatively that the jury's findings in response to such issues are against the overwhelming weight and preponderance of the evidence.

■ We first direct our attention to the "no evidence" point. In passing on this point, we are required to view the evidence in a light most favorable to the jury's findings, and disregard all evidence which is contrary thereto. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The landowners and their three children have occupied the land in question as their homestead since 1964 and have used the lands for the purpose of a pasture for horses and cattle. The 1.22 acre tract taken consists of a long narrow strip lying along the west edge of the 10 acre tract. The residence was situated near the south end of the 10 acre tract, facing in a westerly direction toward the highway. The highway ran generally north and south. Prior to condemnation, the east right-of-way line of the highway intersected the west line of appellees' land at a point just north of the residence. At this point appellees' property line veered to the southeast so that a narrow triangular strip of land not owned by appellees lay between their residence and the old highway. Prior to condemnation appellees' residence was situated 129 feet east of the old highway right-of-way. As a result of the widening of the highway the east right-of-way line was extended approximately 75 feet east toward appellees' residence and took, not only the narrow triangular strip not owned by them, but also a triangular strip of land immediately in front of their residence. After condemnation appellees' residence was situated only 54 feet from the highway. It is without dispute that the taking did not disturb the dwelling nor any other improvements, including a yard, fence, or any of the ornamental shade trees and shrubs immediately in front of the residence.

Appellee, Wayne E. Holland, testified as to the diminution in value and also offered the testimony of Horace Leath, a neighbor, as well as the testimony of Ray Cowart, an expert appraisal witness. Each of the witnesses testified as to his knowledge of the land both before and after condemnation. According to Holland, the reasonable market value before the taking was $12,000 to $14,000 and after the taking was between $6,000 to $7,000. According to the witness Horace Leath the value before was $15,000 and after was $5,000 to $6,000. Ray Cowart, after qualifying as an expert appraiser, testified that the value before the taking was $12,600 and after the taking was $6,450. He further testified that on a per-acre basis, the land had a value of $350 per acre before the taking and $300 after the taking. The State offered testimony showing that no damage resulted to the residue by reason of the taking.

Appellants take the position that under the record before us, the undisputed facts and evidence show that since neither appellee's home nor any of the improvements were disturbed by the taking, and that the utility and reasonable use and enjoyment of the premises as a home, there is no evidence of probative force to support the jury's verdict and findings of ultimate damages in the amount of $3,600 for the remainder. In this connection The State argues that the opinions of value tendered into evidence by the landowners have no probative weight because the witnesses did not sufficiently articulate the nature of the damages, the effect of the damages on the various parts of residual acreage and the relationship of the damages to market-value differences, if any, before and after the taking, citing Tennessee Gas & Transmission Co. v. Zirjacks, 244 S.W.2d 837 (Tex.Civ.App., San Antonio, 1951). As we view the record this proposition cannot be sustained.

■ The *Zirjacks* case relied upon by appellants is generally cited for the proposition that: " * * * One claiming damages to land must show the nature of the

damage, the effect upon various portions of the tract and the relationship of the same to market value. A mere conclusion as to market value is insufficient for this purpose." This rule, however, refers only to a party claiming damages, and not to his value witness. State v. Scarborough, 383 S.W.2d 839 (Tex.Civ.App., Texarkana, 1964, writ ref., n. r. e.). As we view the record, *Zirjacks* is not applicable here for two reasons. First, there is ample evidence showing the *nature* of the damages and the effect upon various portions of the tract with respect to the relationship of the same to market value. According to appellees' witnesses the diminution in market value was principally due to the following factors, to-wit: (1) the reduction in the size of the yard in front of the house from 129 feet to 53 feet, (2) the proximity of the residence to the highway, (3) the formation of a 30 x 55 foot slough on the pasture land as a result of drainage caused by the construction of the highway, and (4) the collection of silt and clay on an area 168 x 90 feet upon other parts of his pasture lands as a result of drainage from the newly constructed highway. This evidence, we think, had the effect of explaining the nature of the damage and was sufficient to satisfy the requirement announced in *Zirjacks*. Secondly, appellees' expert witness, Ray Cowart, testified that in his opinion the reduction in the size of the front yard and the proximity to the highway, as well as other factors, would result in a diminution of market value. Based on these facts he expressed his opinion that the residue suffered a diminution in value of $6,150. This expert testimony as to diminution in market value, we think, would be sufficient to sustain the jury's finding. After a careful review of all of the evidence in the record, we have concluded that when viewed in a light most favorable to appellees the evidence is sufficient to support the jury's verdict. After weighing all the evidence we find that we are unable to agree with the proposition that the verdict is contrary to the overwhelming weight and preponderance of the evidence.

By the third point, The State contends that the jury's verdict as to damages is excessive.

The ultimate inquiry presented by this point is the reasonableness or the excessiveness of the verdict under the facts. Adams v. Houston Lighting & Power Company, 158 Tex. 551, 314 S.W.2d 826. Unquestionably, we think the facts show substantial damage to the remainder. The amount of the damages depends upon the question of market value. According to the expert testimony offered by appellees the residue, after condemnation suffered a diminution in value of approximately $6,150. The State offered testimony showing no damage resulted. The jury assessed damages in the amount of $3,600. Under the facts, we are not prepared to hold that the verdict was unreasonable or excessive.

By its final point, The State contends that the trial court erred in overruling its objection to certain testimony of the expert witness, Ray Cowart, wherein he expressed his opinion that a prospective purchaser would be less willing to purchase a residence situated only 54 feet from the highway than one situated 129 feet from the highway. Appellants objected on the ground that the question was hypothetical. We do not share this view. As we view the testimony, the witness was merely attempting to demonstrate the basis of his opinion as to diminution in market value based upon his experience with prospective purchasers of similar property. We think the testimony was admissible. The point is overruled.

The judgment of the trial court is affirmed.