**VALLEY CREEK WATER CONTROL DISTRICT, Appellant,**

**v.**

**Russell SNEED et ux., Appellees.**

**No. 4474.**

Court of Civil Appeals of Texas,
Eastland.

June 25, 1971.

Bradbury, Tippen & Cross, Bryan Bradbury, Abilene, for appellant.

Reed Ingalsbe, Abilene, for appellees.

COLLINGS, Justice.

This is an eminent domain case. The Valley Creek Water Control District, for the purpose of constructing a retention dam, brought condemnation proceedings in the County Court at Law seeking to take for easement purposes a 15.2 acre tract out of a larger 319⅔ acre tract belonging to Russell Sneed and wife, Ruby Fay Sneed. Commissioners were appointed who made their award for the value of the land taken and the damages done to the Sneed's remaining land. Mr. and Mrs. Sneed appealed from the award of the commissioners to the County Court at Law. It is undisputed that all the requirements and prerequisites were complied with and the only matter to be determined by the court was the value of the easement taken and the damages, if any, to the remaining land because of the taking of the easement. The trial was before a jury and judgment was rendered on the verdict for the value of the easement and the damages to the remainder of appellees' land. The Valley Creek Water Control District has appealed.

The record shows that appellees Russell and Ruby Sneed own a farm consisting of 319⅔ acres in the southwest part of Taylor County and that part of said land is cultivated and part is pasture. Appellant has condemned an easement of 15.2 acres along the northern edge of the pasture land belonging to appellees for the purpose of constructing a flood retention dam and overflow facilities for such dam. The entire lake property will lie on an adjoining landowner. The dam structure will be 29 feet high in the middle and 5 feet high at the extremities where it tapers off. The dam is being constructed across the natural drainage of a tributary to Valley Creek which presently supplied appellees' tank with water. Appellees have only one remaining tank on the entire 319 acres located on the east side of the pasture which is divided by the dam. Of the 15.2 acre easement there will be used for the purposes of a dam and emergency spillway a total of 4.08 acres to be enclosed by a fence and planted in a permanent type grass which may be used by the landower with the permission of appellant. The remaining portion of the 15.2 easement is to be used for overflow in the event of a flood until the water recedes to its natural basin. This land may also be used by the landowner when not flooded. The evidence indicates that such flooding will be infrequent.

It was agreed by the parties in the trial court that the only matter for determination was the value of the easement taken and the damages to the remaining land because of the taking of the easement. Special issues were submitted to the jury accordingly and in answer to such special issues the jury found that the reasonable market value of the 15.2 acre tract in question immediately prior to the taking of the easement was $1,900; that the value of such tract immediately after the taking of the easement was $1,140; that the reasonable market value of appellees' 319⅔ acres of land exclusive of the 15.2 acre tract in question immediately before the taking of the easement was $40,000, and the value of such 319⅔ acres exclusive of the 15.2 tract immediately after the taking of the easement was $38,500.

Appellant presents points in which it is contended that there is no evidence to show the reasonable market value of the easement and the amount of damage to appellees' remaining land, and that the court

therefore erred in overruling appellant's request for an instructed verdict; that there was no evidence and insufficient evidence to support the finding of the jury that the reasonable market value of the 15.2 acre tract immediately prior to the taking of the easement was $1,900; no evidence and insufficient evidence to support the finding of the jury that the reasonable market value of the 15.2 acre tract in question immediately after the taking of the easement was $1,140; no evidence and insufficient evidence to support the finding that the reasonable market value of appellees' 319⅔ acres of land exclusive of the 15.2 acre tract immediately before the taking of the easement was $40,000, and that such findings are against the great weight and preponderance of the evidence. Appellant further contends that there· was no evidence and insufficient evidence to support the finding of the jury that the reasonable market value of appellees' said land exclusive of the 15.2 acre tract after the taking of the easement was $38,500.

■ The burden of proof concerning values of land so taken and damages claimed by a landowner rests upon the landowner. Volume 22 Tex.Jur.2d, page 404. Appellees admit that their evidence does not pin point the specific value of their land before and after the taking of the easement, but contend that the evidence does raise a question of fact concerning the value of such land before and after the taking and that such evidence supports the findings of the jury. We cannot agree with this contention.

We concur with the appellant's contention that there was no evidence by appellees' witnesses to support the findings of the jury concerning the value of the land in question before and after the taking of the easement. If we should be mistaken concerning the existence of any evidence to support the verdict then we are of the opinion and hold that the evidence is insufficient to support the findings of the jury.

■ Appellees offered three witnesses who testified generally concerning the value of the land in question but none of them testified to the reasonable market value of the land, or the value of the land covered by the easement showing a difference in reasonable market value of such land immediately before the taking thereof and the value of such lands immediately after the taking of the easement. Such witnesses estimated the value of such land to be about $200 per acre, but the evidence is indefinite and not fully developed. In our opinion it is not sufficient to raise a question of fact concerning the value of the lands in question before and after the taking of the easement. Tennessee Gas and Transmission Company v. Zirjacks, 244 S.W.2d 837 (Tex.Civ.App., 1951, writ dism.).

■ There was evidence by appellant's witness Austin concerning a difference in the market value of the 15.2 acre tract immediately before and immediately after the taking. He testified that the difference in value in such tract before and after the taking was $320. He also testified, however, that there was no difference in the market value of appellees' remaining lands after the taking of the easement. Although this testimony does indicate a difference in value of the 15.2 acre tract before and after the taking, it does not support the verdict of the jury.

For the reasons stated the judgment is reversed and the cause is remanded for another trial.