**Lillian LINDER, Appellant,**

v.

**VALERO TRANSMISSION COMPANY, Appellee.**

**No. 13–86–147–CV.**

Court of Appeals of Texas, Corpus Christi.

June 30, 1987.

Rehearing Denied Aug. 28, 1987.

Kathleen Cynthia Pickett, Madison Rayburn, Houston, for appellant.

Dennis Harnett, San Antonio, Joseph Cohn, Jr., Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Lillian Linder appeals a judgment of the district court granting Valero Transmission Company an easement of 8.895 acres on her property and awarding her $87,163.50 in damages. Valero raises certain crosspoints.

In June 1981, Valero brought suit to condemn a surface easement on an 8.895–acre tract owned by appellant Linder. Special commissioners were appointed and assessed damages of $40,000.00. Linder thereafter filed objections to the commissioners' award in the district court, alleging that Valero lacked statutory authority, that there was no public use, and that the compensation awarded was inadequate.

After certain discovery had been completed in the district court, Valero filed a motion for partial summary judgment as-

serting that there was no factual controversy concerning Valero's right to condemn, accompanied by certain evidence. Ms. Linder filed a response, and the partial summary judgment was granted. The jury heard evidence on damages.

In her first point of error, Ms. Linder complains of the granting of the partial summary judgment because there is no statutory authority for Valero to condemn for the operation of an industrial amine treatment plant under Tex.Rev.Civ.Stat. Ann. art. 1436 (Vernon 1980); that there is no evidence in the record to show the necessity for the taking; and there exist factual issues that appellee acted arbitrarily, capriciously, and in bad faith.

■■■ When reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovant and indulge all reasonable inferences in the nonmovant's favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589 (Tex.1975). The movant has the burden to show that there are no issues of material fact and that the movant is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Issues not expressly presented to the trial court by written motion, answer, or response will not be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). It is not the duty of the trial court or appellate court to determine questions of law or fact which could have been raised by the nonmovant, but were not. *Wooldridge v. Groos National Bank*, 603 S.W.2d 335, 344, (Tex.Civ.App.—Waco 1980, no writ).

In its motion for summary judgment, Valero asserted that Tex.Rev.Civ.Stat.Ann. art. 1436 (Vernon 1980) is the valid constitutional and statutory authority for the condemnation proceeding, that Valero devotes its private property and resources to public service, that the condemnation suit was duly authorized by its Board of Directors, that the condemnation is for a public purpose, and that it had complied with all procedural requirements.

The motion was accompanied by the affidavit of Richard Wells, vice-president of Valero Transmission, which stated that Valero transports and sells gas to individuals, the public, and municipalities for light, heat, power, and other purposes. According to Wells, Valero is authorized to construct, maintain, and operate machinery, pipeline, apparatus, and pipes, etc., which are necessary to operate its pipelines. Valero's Certificate of Incorporation was included as summary judgment evidence. The resolution of the Board of Directors was also part of the summary judgment record. The resolution stated that, by unanimous consent, the Board had concluded on May 29, 1981, that necessity and convenience required the construction and operation on appellant's tract of an amine treatment plant for the removal of hydrogen sulfide from natural gas, the company is a gas utility, the gas stream purchased from the DeWitt and Lavaca areas contains impurities, the company determined that the safe and efficient removal of hydrogen sulfide could be better accomplished through the use of an amine treatment plant, and authorized the initiation of eminent domain proceedings for the acquisition of appellant's property.

Appellant's response to the motion for summary judgment stated that Valero's fencing of her property amounted to a fee simple taking and that Valero had no legal right to condemn a fee simple estate. Appellant further objected that "this condemnation suit cannot be for public purpose where the plaintiff is proceeding without authority to condemn the estate and lands actually taken by the plaintiff. . . ."

She further objected that the summary judgment proof did not establish all facts necessary to support the legal conclusions and that the description of the tract was fatally vague as a matter of law. The response was accompanied by a transcription of the testimony of Ron Kunkel, engineer for Valero, and appellant's affidavit which states that a chain link fence surrounding the property excludes her from her property. Kunkel's deposition and the deposition of Pat Davis, director of engineering services for Valero, were also on

file before the judge made his ruling on the summary judgment.

Appellant claims on appeal that the summary judgment was improper. First, she contends that the construction of an amine treatment plant is not a purpose or use for which the taking of private property is authorized under Tex.Rev.Civ.Stat.Ann. art. 1436. In essence, she argues that Valero has taken private land for private purposes. Second, appellant argues that there is no evidence in the record to show necessity for the taking. Third, she argues that the record is replete with appellant's affirmative allegations that appellee acted arbitrarily, capriciously, and in bad faith, raising fact issues requiring resolution by the fact finder.

■ We have carefully reviewed appellant's response to Valero's motion for summary judgment, and we cannot find where the defects now urged to the summary judgment were expressly presented to the trial judge in writing in accordance with Tex.R.Civ.P. 166–A. The defects of which she now complains are waived. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 679 (Tex.1979).

The interlocutory summary judgment was granted on December 10, 1982. Appellant filed a motion to vacate the partial summary judgment on April 4, 1984, raising issues complained of on appeal. The trial court heard appellant's motion to vacate the summary judgment in 1984, but left the original summary judgment intact. The clear purpose of Tex.R.Civ.P. 166–A is to make the issues determined in the motion for summary judgment final. *City of Houston v. Socony Mobil Oil Co.,* 421 S.W.2d 427 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). The issues decided cannot be further litigated unless the summary judgment is set aside by the trial court, or reversed on appeal. *Id.* at 430. Because the partial summary judgment was not vacated by the trial court, we look at the propriety of the summary judgment based upon the facts and written responses before the court at the time the judgment was entered.

We hold that the trial court correctly granted the partial summary judgment. Appellant's first point of error is overruled.

Appellant claims in her second and final point of error that the trial court erred in granting Valero's motion for judgment notwithstanding the verdict with respect to the jury's finding that the market value of the 8.895–acre tract covered by the easement prior to the taking was $44,475.00. This finding was based upon testimony by E.J. Geistman who testified that the value of the surface site "should have been worth about $5,000.00 an acre." Valero, in response and by cross-point, argues that appellant offered no specific evidence upon which the jury could base an intelligent answer. Valero also claims that there is no testimony that the easement area had a market value different and higher than the remainder before condemnation and that Geistman's own testimony was in conflict concerning the property's worth.

E.J. Geistman testified on direct examination that he has been a real estate broker since 1944. He said that he has been responsible for developing several subdivisions in the Victoria-DeWitt County area and that he was familiar with appellant's tract of land. He testified that he was a qualified land appraiser. Geistman said that the highest and best use of the property was for subdividing and that the fair market value of the remainder of appellant's 378–acre tract prior to the taking was $1,250.00 an acre and $500.00 per acre after the taking. Geistman based his opinion partially upon comparable sales and by comparing whatever information he could get concerning the area. He also said that the condemned tract was worth $5,000.00 per acre prior to the taking and nothing after. On cross-examination, Geistman testified he based his valuations on both the existence of a pipeline which had been put in previously and the easement which was the subject of the suit.

In considering the legal and factual sufficiency of the evidence, we follow the well-established test set forth in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456 (Tex.

1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960). In order for us to sustain the trial court's action of disregarding the jury's answer to the special issue and substituting its own finding, we must determine that there was no evidence to support the jury's findings.

■ In a condemnation case, the jury may select from the testimony on the question of value and set value at any amount between the highest and lowest expressed by the experts. *Tenngasco Gas Gathering Co. v. Fischer*, 653 S.W.2d 469, 473 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). The measure of damages in a suit for permanent damage to land is the difference in the market value of the land immediately before and immediately after the trespass. *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex.1984). When a witness gives testimony that he is acquainted with the market value of property, he is prima facie qualified to testify concerning value as an expert. *Mitchell v. Texas Electric Service Co.*, 299 S.W.2d 183, 186 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.). The credibility of the witness' testimony goes to its weight rather than its admissibility. Here, Geistman did not testify why he believed the 8.895 acre easement was worth $5,000.00 per acre while the remaining tract was worth $1,200.00 per acre. However, he was qualified as a real estate expert and did testify that he knew the market value of the land in question. Appellee argues that one claiming damages to land must show the nature of the damage, the effect upon various portions of the tract, and that mere conclusions regarding market value are insufficient for these purposes, citing *Tennessee Gas & Transmission Co. v. Zirjacks*, 244 S.W.2d 837 (Tex.Civ.App.—San Antonio 1951, writ dism'd). This rule, however, applies to parties claiming damage and not to their value witnesses. *Texas Electric Services Co. v. Wheeler*, 551 S.W.2d 341 (Tex.1979); *Coastal Industrial Water Authority v. Reynolds*, 503 S.W.2d 593 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.); *City of Houston v. McFadden*, 420 S.W.2d 811 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). The correct method of adducing evidence of market value is by witnesses, after suitable qualification, giving their opinion of market value before and after the taking, rather than testifying to specific items of damage. *State v. Scarborough*, 383 S.W.2d 839 (Tex.Civ.App.—Texarkana 1964, writ ref'd n.r.e.). It is not our province to discredit Geistman's testimony because he failed to give detailed reasons for his conclusions.

■ There was evidence before the jury that the 8.895 tract was worth $5,000.00 per acre, and the jury determined that amount to be the value. The trial court erred in disregarding the jury's answer to that special issue and entering judgment n.o.v. Appellant's second point of error is sustained.

Appellee brings three cross-points of error, the first two complaining of the testimony of the witness Geistman. These cross-points have been discussed above, and are overruled.

Appellee argues by its final cross-point that there was no evidence to support the answer to the special issue which inquired about the damages to the remaining 369.-105 acres of land and that the answers to special issues four and five are not supported by the evidence, causing the judgment to be excessive by $46,138.12.

The jury found that the market value of the remaining 369–acre tract was worth $553,657.50 immediately before the taking of the 8.895 acre easement and was worth $479,836.50 immediately after the taking of the easement.

■ E. Charles Lewis and E.G. Geistman were the value witnesses. Lewis' testimony on direct examination regarding value is not part of the record. However, on cross-examination, he opined that the entire tract was worth $1,500.00 per acre or $567,-000.00 prior to the taking of the property. The record does not affirmatively reflect the dimunition value of the property.

Geistman testified that the entire tract would have been worth $1,250.00 an acre prior to the taking. In his opinion, the value after the taking was $500.00, or a diminished value of $750.00 per acre. The jury found the diminished value of the remainder at $200.00 per acre. The jury may select an amount between the highest and lowest expressed by the experts. We do not have Lewis' testimony before us, although the briefs reflect that his testimony showed the diminished value per acre was $1,425.00 per acre, for a diminished value of $75.00 an acre. The jury's finding was within the opinions expressed by the experts. Valero's final cross-point is overruled.

Having found the trial court improperly disregarded the jury's finding of the surface easement taken by appellee in the amount of $44,475.00, we reform the judgment to the total amount of $118,296, and, as reformed, the judgment is affirmed.

The judgment of the trial court is REFORMED and, as reformed, AFFIRMED.

NYE, C.J., not participating.